## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## ORLANDO DIVISION

NIKKI PAUL JOHNSON,

               **Plaintiff,**

-vs-                                    **Case No.  6:07-cv-926-Orl-19DAB**

JACK PARKER, BREVARD COUNTY
SHERIFF'S OFFICE, BREVARD COUNTY
JAIL COMPLEX, SUSAN JEETER,
MICHAEL BROWN, GREGORY
ROBERTSON,

               **Defendants.**

_____

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

This cause came on for consideration without oral argument on the following motions filed herein:

| MOTION: | MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT (Doc. No. 14) |
|---|---|
| FILED: | August 24, 2007 |
| THEREON it is **RECOMMENDED** that the motion be **GRANTED.** | |

| MOTION: | MOTION TO DISMISS CLAIMS AGAINST DEFENDANT PARKER IN HIS INDIVIDUAL CAPACITY (Doc. No. 17) |
|---|---|
| FILED: | August 28, 2007 |
| THEREON it is **RECOMMENDED** that the motion be **GRANTED**. | |

Plaintiff, a pre-trial detainee proceeding *pro se*, filed a second amended complaint (Doc. No. 11) pursuant to 42 U.S.C. § 1983 alleging that Defendants, the Brevard County Sheriff and certain employees working at the Brevard County Jail, violated his constitutional rights.  The Sheriff moves to dismiss all claims brought against him in his individual capacity, and the other Defendants move to dismiss all claims against them.  Plaintiff has filed a response (Doc. No. 20).  The matter is now ripe for resolution.

### FACTUAL BACKGROUND

The following statement of the facts is derived from Plaintiff's second amended complaint (Doc. No. 11), the allegations of which this Court must take as true in ruling on a motion to dismiss.  *See Quality Foods de Centro America, S.A. v. Latin American Agribusiness Development Corporation S.A.*, 711 F.2d 989, 994-95 (11th Cir. 1983).

Plaintiff, at all relevant times, was a pre-trial detainee held at the Brevard County Jail (Doc. No. 11-2).  Defendant Jack Parker is the Sheriff of Brevard County; Susan Jeter[1] is the Jail Commander; Michael Brown is a Major at the Jail Complex; and Defendant Robertson is a Lieutenant.[2]  *Id.*  In brief, Plaintiff asserts that these Defendants violated his First and Fourteenth Amendment Rights in by: refusing to make Plaintiff a copy of the Jail's written policy and procedure manual (Count One); banning books, magazines and newspapers sent from the publisher (Count Two); using "unconstitutionally vague" mail regulations (Count Three); confiscating and destroying

---

[1]Defendant avers that her name is spelled "Jeter" and not "Jetter," as set forth by Plaintiff.

[2]Although the second amended complaint includes an allegation that "Defendant Darrell Hibbs," is also a lieutenant at the Jail, his name is not listed as a Defendant in either the required Civil Complaint Form (Doc. No. 11, pgs. 1, 6 and 7) nor the handwritten Appendix to the pleading (Doc. No. 11-2).  Moreover, the pleading lacks any specific allegations directed towards this person.  The Court finds, therefore, that no cause of action is stated against Hibbs and he is no longer a defendant in this matter.

personal property arbitrarily deemed to be contraband (Count Four).  Plaintiff asserts that Defendants

violated Plaintiff's Eighth Amendment rights[3] by placing him on "double restraints" while showering

and recreating (Count Five); and violated his First, Fourteenth and Eighth Amendment rights by

subjecting him to unsanitary and harmful conditions due to placement in a special observation cell

known as a bubble (Count Six).  Plaintiff seeks a declaration that the actions and omissions of

Defendants were unconstitutional, and for injunctive relief and the costs of suit.

**Count One -** According to Plaintiff, the Inmate Handbook states that: "Inmates are afforded

the opportunity to register complaints about the conditions of confinement, policy . . ."(Doc. No. 11-2,

p. 4).  Plaintiff requested to review jail policies and was refused access.  On or about June 21, 206,

Plaintiff filed a formal grievance.  According to the complaint:

> The grievance was answered by defendant, Michael Brown, who responded "No. No.
> No. and absolutely not!  The inmate handbook is adequate for inmates.  The last thing
> I need Nikki Johnson or any other holding a copy of our complete policies and
> procedure.  Major Brown.

*Id.*

Plaintiff claims that this failure to provide access is a violation of due process.

**Count Two-** Plaintiff asserts that on or about October 24, 2006, the Jail had a "complete ban

on reading materials from publishers."  *Id.* at p. 5.  Plaintiff incorporates his formal grievance into the

complaint.  The grievance was answered by Major Brown, indicating, in part, that "We do have a limit

on the amount of reading materials one inmate may have at one time due to safety (fire) concerns."

(Doc. No. 11-4 at 9).  Plaintiff asserts that despite the claim of fire hazard, inmates may each have 500

pages of legal materials per week (Doc. No. 11-2).

---

[3]Because Plaintiff was a pretrial detainee at the time of the alleged conduct, the relevant constitutional provision is not the Eighth Amendment's restriction against cruel and unusual punishment, but rather the Due Process Clause of the Fourteenth Amendment.  *See, e.g., Belcher v. City of Foley*, 30 F.3d 1390, 1396 (11th Cir.1994).

**Count Three -** Plaintiff states that the inmate handbook is unconstitutionally vague in its mail regulations in that they state that mail will be inspected for contraband, "yet no definition of what may constitute 'contraband' is given." (Doc. No. 11-2 at pg. 7).  Plaintiff had several sheets of plain white paper sent to him with writing in pencil on them and the mail room refused them and returned them to his mother.[4]  Plaintiff received no notice of return from the mail room.  *Id.*

**Count Four -** Plaintiff asserts that his "personal property" was impounded by "jail staff" and a "number of items were confiscated and/or destroyed."  The complaint alleges that it is the policy of the jail that jail staff may "arbitrarily confiscate and destroy inmate personal property at will, without any type of notice or hearing, simply by calling it contraband." (Doc. No. 11-2 at 8). Although the pleading does not identify what items of personal property were confiscated or destroyed, the grievances incorporated into the complaint appear to focus on a pair of Nike shoes (Doc. No. 11-4 - Exhibit G).  The grievance response indicates that the shoes were not on the property card signed by Plaintiff when he came into the facility, and it was thus assumed that he "probably gained them through unofficial channels."  They were therefore disposed of as contraband.

**Count Five** - On or about May 2, 2006, Plaintiff was placed on "double restraint" status, which meant he had to wear handcuffs and leg shackles any time he was removed from his cell, including during shower and recreation time.  No additional facts are alleged.

**Count Six -** On August 22, 2006, Plaintiff was moved from a regular cell to a special observation cell known as the "bubbles," without any personal property (Doc. No. 11-2 at 10).  The bubbles are a series of plexiglass fronted cells utilized for a variety of reasons.  *Id.*  The cells are approx. 7.5 feet long and 5 feet wide.  Plaintiff was "forced to sleep on the floor, on a bare plastic

---

[4]Plaintiff incorporates the grievance into the pleading.  According to the grievance, it does not appear that the mail in question was simply plain paper with pencil writing, as pled.  Plaintiff noted in his grievance that "printouts of artwork containing nudity have been refused and returned to the sender." (Doc. No. 11-4 at 15).

mattress." *Id.*  Plaintiff also alleges that he was only permitted to brush his teeth 3 times per week, "causing permanent damage to gums and teeth and painful oral ulcerations." *Id.*  The cell walls were "covered with feces, semen, mucous, urine and food from the previous occupants." *Id.* at 10-11. Plaintiff was denied soap and had to eat with his unwashed hands.  Plaintiff was "forced to sleep with a blanket that was saturated in sewer water for over 72 hours." *Id.* at pg. 12.  Plaintiff asserts that he had only three twenty minute periods each week in which to read and write mail or legal materials, make phone calls and engage in religious studies. *Id.* at pg. 11.  These periods were "frequently denied.." *Id.*  Plaintiff avers that he spent 107 days in these conditions, as retaliation for an alleged escape attempt and to punish him.  *Id.* at pp. 11-12.

### STANDARD OF REVIEW

"'When considering a motion to dismiss, all facts set forth in the plaintiff's complaint are to be accepted as true and the court limits its consideration to the pleadings and exhibits attached thereto.'"  *Thaeter v. Palm Beach County Sheriff's Office,* 449 F.3d 1342, 1352 (11th Cir. 2006) (citation omitted); *see also* Fed. R. Civ. P. 10(c) ("A copy of any written instrument which is an exhibit to a pleading is a part thereof for all purposes.").  Plaintiff must plead "enough facts to raise a reasonable expectation that discovery will reveal evidence of illegal [conduct]." *Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1965 (2007).  In ruling on a motion to dismiss, "conclusory allegations, unwarranted factual deductions or legal conclusions masquerading as facts will not prevent dismissal."  *Davila v. Delta Air Lines, Inc.*, 326 F.3d 1183, 1185 (11th Cir. 2003).  However, in the case of a *pro se* action, the Court should construe the complaint more liberally than it would a complaint drafted by a lawyer.  *Hughes v. Rowe*, 449 U.S. 5, 9 (1980).

### ISSUES AND ANALYSIS

The Sheriff asserts that he is entitled to dismissal of the suit, to the extent it asserts claims against him in his individual capacity.[5]   Jeter, Brown and Robertson (herein "the Individual Defendants") assert that the Second Amended Complaint must be dismissed against them in its entirety.   It is **respectfully recommended** that the Sheriff's motion be **granted**, and the Individual Defendants' motion be **granted, for the reasons set forth herein.**

### Official Capacity

The Individual Defendants assert that, to the extent the complaint pleads an action against them in their official capacities, such an action is redundant in that "suits against government actors are, in reality, the same as suits against the agency by whom they are employed," citing *Manders v. Lee*, 285 F. 3d 983, 990 (11th Cir. 2002).   While this particular opinion has been vacated, 300 F. 3d 1298 (11th Cir. 2002), the point is well taken.   *See Snow v. City of Citronelle, Ala.*, 420 F.3d 1262, 1270 (11th Cir. 2005) ("suits against a municipal officer sued in his official capacity and direct suits against municipalities are functionally equivalent").   As it is alleged that Plaintiff is "in the custody of Brevard County Sheriff's Office held at the Brevard County Jail" and the Individual Defendants are allegedly employees of that office, it follows that a suit against these Defendants in their official capacity is duplicative of the suit against the Sheriff, in his official capacity.   The motion to dismiss should be **granted,** to the extent the complaint purports to state a claim against the Individual Defendants in their official capacity.

### Individual Capacity/Qualified Immunity

All Defendants assert that the complaint fails to state a viable claim against them in their individual capacities, based upon qualified immunity.   "[G]overnment officials performing

---

[5]The Sheriff notes that he has been properly sued in his official capacity, and he has answered the Second Amended Complaint, to the extent it purports to state a claim against him in his official capacity.

discretionary functions generally are granted a qualified immunity and are 'shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.'" *Wilson v. Layne*, 526 U.S. 603, 609 (1999). To receive qualified immunity a defendant must first prove he or she was acting within the scope of his or her discretionary authority. *See Vinyard v. Wilson*, 311 F.3d 1340, 1346 (11th Cir. 2002).

Once a defendant shows that he or she was acting within his or her discretionary authority, the burden shifts to the plaintiff to demonstrate that qualified immunity is not appropriate. *Lumley v. City of Dade City, Florida*, 327 F.3d 1186, 1194 (11th Cir. 2003). The Supreme Court has set forth a two-part test for the qualified immunity analysis. First, the court must determine "whether [the] plaintiff's allegations, if true, establish a constitutional violation." *Hope v. Pelzer*, 122 S.Ct. 2508, 2513 (2002). If Plaintiff's version of the facts set forth the violation of a constitutional right, "the next, sequential step is to ask whether the right was clearly established." *Saucier v. Katz*, 533 U.S. 194, 201 (2001).

Applied here, the Court finds that Defendants' arguments with respect to qualified immunity are largely misplaced, as this is not a suit for damages. *D'Aguanno v. Gallagher,* 50 F.3d 877, 879 (11th Cir.1995) ("[B]ecause qualified immunity is a defense only to claims for monetary relief, the district court erred in granting summary judgment on plaintiffs' claims for injunctive and declaratory relief" *but noting:* "We hold that, for qualified immunity purposes, the term "damages" includes costs, expenses of litigation, and attorneys' fees claimed by a plaintiff against a defendant in the defendant's personal or individual capacity."50 F.3d at 881). With the exception of any claims for the costs of action, the doctrine of qualified immunity does not serve to bar the suit. As for the claim for costs, such a claim is incidental to (and dependent upon) the successful prosecution of the main claim, and

thus, need not be addressed on a motion to dismiss.  Thus, to the extent the motions seek dismissal based on qualified immunity, the point is not well taken.

**Individual Capacity /Other Grounds**

Notwithstanding the above, the Sheriff and the Individual Defendants are entitled to dismissal of the claims made against them in their individual capacities, for failure to state a cognizable claim.

With respect to Count One, it appears that Plaintiff is asserting that he was denied due process in that Major Brown did not provide the entire set of internal policies and procedures to him.  As noted by Defendants, Plaintiff has failed to plead an actual (as opposed to a theoretical) injury. Plaintiff does not allege that he was unable to access the court or to present any known grievance. Indeed the record reflects that Plaintiff presented numerous grievances.  Rather, Plaintiff contends that he was not given access to a policy manual so that he could "possibly challenge" *unknown* grievances. There is no constitutional right to assist prisoners to *discover* grievances.  *Lewis v. Casey,* 518 U.S. 343, 354 (1996).   To the extent this count purports to state a claim against all Defendants in their individual capacities, it should be dismissed.

Count Two should be dismissed against Defendants in their individual capacities, for like reasons.  Plaintiff challenges the official policy regarding access to general interest publications.[6] There is no allegation that any Defendant's individual actions are causally related to the adoption of this policy.  To the extent any claim is viable it is, at most, a claim against the Sheriff in his official capacity.

Count Three and Four, to the extent they allege deprivation of personal property, should also be dismissed.  Count Three is a general attack against "unconstitutionally vague mail regulations."

---

[6]The complaint expressly notes that prisoners are allowed 500 pages of legal materials per week. Doc. No. 11-2 at p. 6.

As above, there is no showing that any Defendant *individually* was responsible for adoption of these regulations.  Moreover, Plaintiff does not identify any particular act undertaken by any of these Defendants; he asserts only that "the mail room" refused to deliver certain mail to him.  Similarly, Count Four attacks the contraband policy that allows "jail staff" to confiscate and destroy personal property.  There is nothing to tie these complaints to the actions of Defendants taken in their individual capacity.

Counts Five and Six assert harmful conditions of confinement.  As recently summarized by a court in the Northern District:

> Generally stated, the standard applicable to claims involving the mistreatment of pretrial detainees in custody is as follows: A Fourteenth Amendment violation occurs when a substantial risk of serious harm, of which the official is subjectively aware, exists and the official does not respond reasonably to the risk. [*citing Marsh v. Butler County, Ala.*, 268 F.3d 1014, 1028 (11th Cir. 2001)]. Furthermore, such risk must be an objectively substantial risk of serious harm to prisoners, and the prison official must respond to that risk in an objectively unreasonable manner. *Farmer v. Brennan*, 511 U.S. 825, 834, 844-845, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994). Finally, a plaintiff must show that the constitutional violation caused the injury. *Marsh*, 268 F.3d at 1028.

*Cooler v. Escambia County Detention Facilities,* 2007 WL 3072418, *3 (N.D. Fla. October 22, 2007) (slip opinion).

The complaint fails to state a cause of action against any Defendant based on actions taken in his or her individual capacity.  The conditions complained of are all allegedly due to official policies of the Jail and no particular Defendant is implicated.[7]  There is no allegation that any Defendant was subjectively aware of a substantial risk of serious harm; nor that any Defendant did not respond reasonably to that risk, and that the failure to do so caused injury.  Moreover, "[o]nly such a degree of disregard for the prisoner's rights, which offends evolving contemporary standards of decency and

---

[7]To the extent Plaintiff alleges that Major Brown responded to one of the grievances inappropriately ("I know this is a joke.  Or may as well be"), there is no constitutional right to have your grievance resolved to your satisfaction.  *See Geiger v. Jowers,* 404 F. 3d 371, 373-4 (5th Cir. 2005) (no due process violation arising from failure to "properly" investigate prisoner grievances.)

is repugnant to the conscience of mankind, separates official conduct that is actionable under Section 1983 from simple negligence which is not." *Robertson v. McCray* , 2006 WL 2882502, *7 (S.D. Fla., 2006) (noting that courts have held that brief deprivations relating to hygiene matters do not offend the Constitution).  *See also Hamm v. DeKalb County*, 774 F.2d 1567 (11th Cir. 1985) (holding that fact that detainee in county jail temporarily had to sleep upon a mattress on the floor or on a table because of overcrowding did not amount to a constitutional deprivation, where there was no evidence that such conditions were imposed arbitrarily).  This count states, if at all, only a claim against the Sheriff, in his official capacity.

### CONCLUSION

For the foregoing reasons, it is **respectfully recommended** that the Sheriff's motion to dismiss claims against him in his individual capacity be **GRANTED;** and the motion of the Individual Defendants be **GRANTED,** and all claims against them be dismissed.  This action should proceed solely on Plaintiff's claims against the Sheriff in his official capacity, in accordance with the Scheduling Order issued separately.

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on October 30, 2007.

*David A. Baker*
_____
DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge

Counsel of Record
Unrepresented Party
Courtroom Deputy

# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

NIKKI PAUL JOHNSON,

                Plaintiff,

-vs-                                     Case No.  6:07-cv-926-Orl-19DAB

JACK PARKER, BREVARD COUNTY
SHERIFF'S OFFICE, BREVARD COUNTY
JAIL COMPLEX, SUSAN JEETER,
MICHAEL BROWN, GREGORY
ROBERTSON,

                Defendants.

_____

# REPORT AND RECOMMENDATION

## TO THE UNITED STATES DISTRICT COURT

      This cause came on for consideration without oral argument on the following motions filed

herein:

| | |
|---|---|
| **MOTION:** | **MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT (Doc. No. 14)** |
| **FILED:** | **August 24, 2007** |
| | |
| **THEREON** it is **RECOMMENDED** that the motion be **GRANTED.** | |

| | |
|---|---|
| **MOTION:** | **MOTION TO DISMISS CLAIMS AGAINST DEFENDANT PARKER IN HIS INDIVIDUAL CAPACITY (Doc. No. 17)** |
| **FILED:** | **August 28, 2007** |
| | |
| **THEREON** it is **RECOMMENDED** that the motion be **GRANTED**. | |

Plaintiff, a pre-trial detainee proceeding *pro se*, filed a second amended complaint (Doc. No. 11) pursuant to 42 U.S.C. § 1983 alleging that Defendants, the Brevard County Sheriff and certain employees working at the Brevard County Jail, violated his constitutional rights.  The Sheriff moves to dismiss all claims brought against him in his individual capacity, and the other Defendants move to dismiss all claims against them.  Plaintiff has filed a response (Doc. No. 20).  The matter is now ripe for resolution.

### FACTUAL BACKGROUND

The following statement of the facts is derived from Plaintiff's second amended complaint (Doc. No. 11), the allegations of which this Court must take as true in ruling on a motion to dismiss.  *See Quality Foods de Centro America, S.A. v. Latin American Agribusiness Development Corporation S.A.*, 711 F.2d 989, 994-95 (11th Cir. 1983).

Plaintiff, at all relevant times, was a pre-trial detainee held at the Brevard County Jail (Doc. No. 11-2).  Defendant Jack Parker is the Sheriff of Brevard County; Susan Jeter[1] is the Jail Commander; Michael Brown is a Major at the Jail Complex; and Defendant Robertson is a Lieutenant.[2]  *Id.*  In brief, Plaintiff asserts that these Defendants violated his First and Fourteenth Amendment Rights in by: refusing to make Plaintiff a copy of the Jail's written policy and procedure manual (Count One); banning books, magazines and newspapers sent from the publisher (Count Two); using "unconstitutionally vague" mail regulations (Count Three); confiscating and destroying

---

[1] Defendant avers that her name is spelled "Jeter" and not "Jetter," as set forth by Plaintiff.

[2] Although the second amended complaint includes an allegation that "Defendant Darrell Hibbs," is also a lieutenant at the Jail, his name is not listed as a Defendant in either the required Civil Complaint Form (Doc. No. 11, pgs. 1, 6 and 7) nor the handwritten Appendix to the pleading (Doc. No. 11-2).  Moreover, the pleading lacks any specific allegations directed towards this person.  The Court finds, therefore, that no cause of action is stated against Hibbs and he is no longer a defendant in this matter.

personal property arbitrarily deemed to be contraband (Count Four).  Plaintiff asserts that Defendants violated Plaintiff's Eighth Amendment rights[3] by placing him on "double restraints" while showering and recreating (Count Five); and violated his First, Fourteenth and Eighth Amendment rights by subjecting him to unsanitary and harmful conditions due to placement in a special observation cell known as a bubble (Count Six).  Plaintiff seeks a declaration that the actions and omissions of Defendants were unconstitutional, and for injunctive relief and the costs of suit.

**Count One -** According to Plaintiff, the Inmate Handbook states that: "Inmates are afforded the opportunity to register complaints about the conditions of confinement, policy . . ."(Doc. No. 11-2, p. 4).  Plaintiff requested to review jail policies and was refused access.  On or about June 21, 206, Plaintiff filed a formal grievance.  According to the complaint:

> The grievance was answered by defendant, Michael Brown, who responded "No. No. No. and absolutely not!  The inmate handbook is adequate for inmates.  The last thing I need Nikki Johnson or any other holding a copy of our complete policies and procedure.  Major Brown.

*Id.*

Plaintiff claims that this failure to provide access is a violation of due process.

**Count Two**- Plaintiff asserts that on or about October 24, 2006, the Jail had a "complete ban on reading materials from publishers."  *Id.* at p. 5.  Plaintiff incorporates his formal grievance into the complaint.  The grievance was answered by Major Brown, indicating, in part, that "We do have a limit on the amount of reading materials one inmate may have at one time due to safety (fire) concerns." (Doc. No. 11-4 at 9).  Plaintiff asserts that despite the claim of fire hazard, inmates may each have 500 pages of legal materials per week (Doc. No. 11-2).

---

[3]Because Plaintiff was a pretrial detainee at the time of the alleged conduct, the relevant constitutional provision is not the Eighth Amendment's restriction against cruel and unusual punishment, but rather the Due Process Clause of the Fourteenth Amendment.  *See, e.g., Belcher v. City of Foley*, 30 F.3d 1390, 1396 (11th Cir.1994).

**Count Three -** Plaintiff states that the inmate handbook is unconstitutionally vague in its mail regulations in that they state that mail will be inspected for contraband, "yet no definition of what may constitute 'contraband' is given." (Doc. No. 11-2 at pg. 7). Plaintiff had several sheets of plain white paper sent to him with writing in pencil on them and the mail room refused them and returned them to his mother.[4] Plaintiff received no notice of return from the mail room. *Id.*

**Count Four -** Plaintiff asserts that his "personal property" was impounded by "jail staff" and a "number of items were confiscated and/or destroyed." The complaint alleges that it is the policy of the jail that jail staff may "arbitrarily confiscate and destroy inmate personal property at will, without any type of notice or hearing, simply by calling it contraband." (Doc. No. 11-2 at 8). Although the pleading does not identify what items of personal property were confiscated or destroyed, the grievances incorporated into the complaint appear to focus on a pair of Nike shoes (Doc. No. 11-4 - Exhibit G). The grievance response indicates that the shoes were not on the property card signed by Plaintiff when he came into the facility, and it was thus assumed that he "probably gained them through unofficial channels." They were therefore disposed of as contraband.

**Count Five** - On or about May 2, 2006, Plaintiff was placed on "double restraint" status, which meant he had to wear handcuffs and leg shackles any time he was removed from his cell, including during shower and recreation time. No additional facts are alleged.

**Count Six -** On August 22, 2006, Plaintiff was moved from a regular cell to a special observation cell known as the "bubbles," without any personal property (Doc. No. 11-2 at 10). The bubbles are a series of plexiglass fronted cells utilized for a variety of reasons. *Id.* The cells are approx. 7.5 feet long and 5 feet wide. Plaintiff was "forced to sleep on the floor, on a bare plastic

---

[4]Plaintiff incorporates the grievance into the pleading. According to the grievance, it does not appear that the mail in question was simply plain paper with pencil writing, as pled. Plaintiff noted in his grievance that "printouts of artwork containing nudity have been refused and returned to the sender." (Doc. No. 11-4 at 15).

mattress." *Id.* Plaintiff also alleges that he was only permitted to brush his teeth 3 times per week, "causing permanent damage to gums and teeth and painful oral ulcerations." *Id.* The cell walls were "covered with feces, semen, mucous, urine and food from the previous occupants." *Id.* at 10-11. Plaintiff was denied soap and had to eat with his unwashed hands. Plaintiff was "forced to sleep with a blanket that was saturated in sewer water for over 72 hours." *Id.* at pg. 12. Plaintiff asserts that he had only three twenty minute periods each week in which to read and write mail or legal materials, make phone calls and engage in religious studies. *Id.* at pg. 11. These periods were "frequently denied.." *Id.* Plaintiff avers that he spent 107 days in these conditions, as retaliation for an alleged escape attempt and to punish him. *Id.* at pp. 11-12.

### STANDARD OF REVIEW

"'When considering a motion to dismiss, all facts set forth in the plaintiff's complaint are to be accepted as true and the court limits its consideration to the pleadings and exhibits attached thereto.'" *Thaeter v. Palm Beach County Sheriff's Office,* 449 F.3d 1342, 1352 (11th Cir. 2006) (citation omitted); *see also* Fed. R. Civ. P. 10(c) ("A copy of any written instrument which is an exhibit to a pleading is a part thereof for all purposes."). Plaintiff must plead "enough facts to raise a reasonable expectation that discovery will reveal evidence of illegal [conduct]." *Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1965 (2007). In ruling on a motion to dismiss, "conclusory allegations, unwarranted factual deductions or legal conclusions masquerading as facts will not prevent dismissal." *Davila v. Delta Air Lines, Inc.*, 326 F.3d 1183, 1185 (11th Cir. 2003). However, in the case of a *pro se* action, the Court should construe the complaint more liberally than it would a complaint drafted by a lawyer. *Hughes v. Rowe*, 449 U.S. 5, 9 (1980).

### ISSUES AND ANALYSIS

The Sheriff asserts that he is entitled to dismissal of the suit, to the extent it asserts claims against him in his individual capacity.[5]   Jeter, Brown and Robertson (herein "the Individual Defendants") assert that the Second Amended Complaint must be dismissed against them in its entirety.   It is **respectfully recommended** that the Sheriff's motion be **granted**, and the Individual Defendants' motion be **granted, for the reasons set forth herein.**

### Official Capacity

The Individual Defendants assert that, to the extent the complaint pleads an action against them in their official capacities, such an action is redundant in that "suits against government actors are, in reality, the same as suits against the agency by whom they are employed," citing *Manders v. Lee*, 285 F. 3d 983, 990 (11th Cir. 2002).   While this particular opinion has been vacated, 300 F. 3d 1298 (11th Cir. 2002), the point is well taken.   *See Snow v. City of Citronelle, Ala.*, 420 F.3d 1262, 1270 (11th Cir. 2005) ("suits against a municipal officer sued in his official capacity and direct suits against municipalities are functionally equivalent").   As it is alleged that Plaintiff is "in the custody of Brevard County Sheriff's Office held at the Brevard County Jail" and the Individual Defendants are allegedly employees of that office, it follows that a suit against these Defendants in their official capacity is duplicative of the suit against the Sheriff, in his official capacity.   The motion to dismiss should be **granted,** to the extent the complaint purports to state a claim against the Individual Defendants in their official capacity.

### Individual Capacity/Qualified Immunity

All Defendants assert that the complaint fails to state a viable claim against them in their individual capacities, based upon qualified immunity.   "[G]overnment officials performing

---

[5]The Sheriff notes that he has been properly sued in his official capacity, and he has answered the Second Amended Complaint, to the extent it purports to state a claim against him in his official capacity.

discretionary functions generally are granted a qualified immunity and are 'shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.'" *Wilson v. Layne*, 526 U.S. 603, 609 (1999). To receive qualified immunity a defendant must first prove he or she was acting within the scope of his or her discretionary authority. *See Vinyard v. Wilson*, 311 F.3d 1340, 1346 (11th Cir. 2002).

Once a defendant shows that he or she was acting within his or her discretionary authority, the burden shifts to the plaintiff to demonstrate that qualified immunity is not appropriate. *Lumley v. City of Dade City, Florida*, 327 F.3d 1186, 1194 (11th Cir. 2003). The Supreme Court has set forth a two-part test for the qualified immunity analysis. First, the court must determine "whether [the] plaintiff's allegations, if true, establish a constitutional violation." *Hope v. Pelzer*, 122 S.Ct. 2508, 2513 (2002). If Plaintiff's version of the facts set forth the violation of a constitutional right, "the next, sequential step is to ask whether the right was clearly established." *Saucier v. Katz*, 533 U.S. 194, 201 (2001).

Applied here, the Court finds that Defendants' arguments with respect to qualified immunity are largely misplaced, as this is not a suit for damages. *D'Aguanno v. Gallagher,* 50 F.3d 877, 879 (11th Cir.1995) ("[B]ecause qualified immunity is a defense only to claims for monetary relief, the district court erred in granting summary judgment on plaintiffs' claims for injunctive and declaratory relief" *but noting:* "We hold that, for qualified immunity purposes, the term "damages" includes costs, expenses of litigation, and attorneys' fees claimed by a plaintiff against a defendant in the defendant's personal or individual capacity."50 F.3d at 881). With the exception of any claims for the costs of action, the doctrine of qualified immunity does not serve to bar the suit. As for the claim for costs, such a claim is incidental to (and dependent upon) the successful prosecution of the main claim, and

thus, need not be addressed on a motion to dismiss.  Thus, to the extent the motions seek dismissal based on qualified immunity, the point is not well taken.

### Individual Capacity /Other Grounds

Notwithstanding the above, the Sheriff and the Individual Defendants are entitled to dismissal of the claims made against them in their individual capacities, for failure to state a cognizable claim.

With respect to Count One, it appears that Plaintiff is asserting that he was denied due process in that Major Brown did not provide the entire set of internal policies and procedures to him.  As noted by Defendants, Plaintiff has failed to plead an actual (as opposed to a theoretical) injury. Plaintiff does not allege that he was unable to access the court or to present any known grievance. Indeed the record reflects that Plaintiff presented numerous grievances.  Rather, Plaintiff contends that he was not given access to a policy manual so that he could "possibly challenge" *unknown* grievances. There is no constitutional right to assist prisoners to *discover* grievances.  *Lewis v. Casey,* 518 U.S. 343, 354 (1996).   To the extent this count purports to state a claim against all Defendants in their individual capacities, it should be dismissed.

Count Two should be dismissed against Defendants in their individual capacities, for like reasons.  Plaintiff challenges the official policy regarding access to general interest publications.[6] There is no allegation that any Defendant's individual actions are causally related to the adoption of this policy.  To the extent any claim is viable it is, at most, a claim against the Sheriff in his official capacity.

Count Three and Four, to the extent they allege deprivation of personal property, should also be dismissed.  Count Three is a general attack against "unconstitutionally vague mail regulations."

---

[6]The complaint expressly notes that prisoners are allowed 500 pages of legal materials per week. Doc. No. 11-2 at p. 6.

As above, there is no showing that any Defendant *individually* was responsible for adoption of these regulations.  Moreover, Plaintiff does not identify any particular act undertaken by any of these Defendants; he asserts only that "the mail room" refused to deliver certain mail to him.  Similarly, Count Four attacks the contraband policy that allows "jail staff" to confiscate and destroy personal property.  There is nothing to tie these complaints to the actions of Defendants taken in their individual capacity.

Counts Five and Six assert harmful conditions of confinement.  As recently summarized by a court in the Northern District:

> Generally stated, the standard applicable to claims involving the mistreatment of pretrial detainees in custody is as follows: A Fourteenth Amendment violation occurs when a substantial risk of serious harm, of which the official is subjectively aware, exists and the official does not respond reasonably to the risk. [*citing Marsh v. Butler County, Ala.*, 268 F.3d 1014, 1028 (11th Cir. 2001)]. Furthermore, such risk must be an objectively substantial risk of serious harm to prisoners, and the prison official must respond to that risk in an objectively unreasonable manner. *Farmer v. Brennan*, 511 U.S. 825, 834, 844-845, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994). Finally, a plaintiff must show that the constitutional violation caused the injury. *Marsh*, 268 F.3d at 1028.

*Cooler v. Escambia County Detention Facilities,* 2007 WL 3072418, *3 (N.D. Fla. October 22, 2007) (slip opinion).

The complaint fails to state a cause of action against any Defendant based on actions taken in his or her individual capacity.  The conditions complained of are all allegedly due to official policies of the Jail and no particular Defendant is implicated.[7]  There is no allegation that any Defendant was subjectively aware of a substantial risk of serious harm; nor that any Defendant did not respond reasonably to that risk, and that the failure to do so caused injury.  Moreover, "[o]nly such a degree of disregard for the prisoner's rights, which offends evolving contemporary standards of decency and

_____

[7]To the extent Plaintiff alleges that Major Brown responded to one of the grievances inappropriately ("I know this is a joke.  Or may as well be"), there is no constitutional right to have your grievance resolved to your satisfaction.  *See Geiger v. Jowers,* 404 F. 3d 371, 373-4 (5th Cir. 2005) (no due process violation arising from failure to "properly" investigate prisoner grievances.)

is repugnant to the conscience of mankind, separates official conduct that is actionable under Section 1983 from simple negligence which is not." *Robertson v. McCray*, 2006 WL 2882502, *7 (S.D. Fla., 2006) (noting that courts have held that brief deprivations relating to hygiene matters do not offend the Constitution). *See also Hamm v. DeKalb County*, 774 F.2d 1567 (11th Cir. 1985) (holding that fact that detainee in county jail temporarily had to sleep upon a mattress on the floor or on a table because of overcrowding did not amount to a constitutional deprivation, where there was no evidence that such conditions were imposed arbitrarily). This count states, if at all, only a claim against the Sheriff, in his official capacity.

### CONCLUSION

For the foregoing reasons, it is **respectfully recommended** that the Sheriff's motion to dismiss claims against him in his individual capacity be **GRANTED;** and the motion of the Individual Defendants be **GRANTED,** and all claims against them be dismissed. This action should proceed solely on Plaintiff's claims against the Sheriff in his official capacity, in accordance with the Scheduling Order issued separately.

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on October 30, 2007.

*David A. Baker*
_____
DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge

Counsel of Record
Unrepresented Party
Courtroom Deputy